# UNITED STATES DISTRICT COURT

# FOR THE EASTERN DISTRICT OF THE STATE OF LOUISIANA

ANDREW GRESSETT

CIVIL ACTION No. 17-16628

SECT. ___   MAG. 2

VERSUS

CITY OF NEW ORLEANS
and UNIDENTIFIED NEW ORLEANS POLICE
DEPARTMENT OFFICER(S) and UNIDENTIFIED
LAW ENFORCEMENT OFFICER(S)

FILED: _____    _____
                                                                        DEPUTY CLERK

## COMPLAINT AND PETITION FOR CIVIL DAMAGES

The Complaint and Petition for Civil Damages of In Proper Person plaintiff ANDREW GRESSETT ("hereinafter sometimes referred to as "GRESSETT") for his claims related to the losses and injuries in the particulars alleged herein.

X  Fee $400 - pd.
__ Process____
X  Dktd____
__ CtRmDep____
__ Doc. No.____

1

ANDREW GRESSETT is of the age of majority and a resident of the Parish of Orleans and the State of Louisiana, and respectively files here the following the complaint against the parties made defendants herein, with said complaint which does with respect represent the following:

## STATEMENT OF JURISDICTION

Petitioner ANDREW GRESSETT asserts here that the actions of the named and unnamed defendants herein, particularly those actions of the defendant CITY OF NEW ORLEANS and the UNIDENTIFIED NEW ORLEANS POLICE DEPARTMENT OFFICER, (hereinafter sometimes referred to as "UNIDENTIFIED NOPD OFFICER"), violated the federal civil rights statutes and jurisprudence protecting individuals from threats, intimidation, injury, losses and damages as suffered by petitioner ANDREW GRESSETT (hereinafter sometimes referred to as "Petitioner" or "plaintiff") as alleged herein, including discrimination on the basis of race and/or appearance. Your petitioner further reasonably believes that the quantum value of his claim exceeds the sum of $75,000.00 required for federal court subject matter jurisdiction.

I

In the interest of full disclosure Plaintiff herein notifies the Court that Plaintiff's oldest

brother is a "respected retired" "former commissioned officer" with the New Orleans Police Department and Plaintiff's second oldest other brother is a "respected retired" "former firefighter" with the New Orleans Fire Department. Plaintiff takes no pleasure in filing this complaint.

II.

The following parties are hereby named as defendants in this cause of action and are alleged to have damaged your petitioners in the following particulars as alleged below:

A. CITY OF NEW ORLEANS, a municipal/governmental corporation created and functioning under its Home Rule Charter pursuant to the Constitution of the State of Louisiana, and at all times pertinent hereto the governmental entity solely and directly responsible for the conduct and operation of the NEW ORLEANS POLICE DEPARTMENT (hereinafter sometimes referred to as the "NOPD") with both entities directly responsible for the hiring, screening, deployment, supervision of and conduct of their employee, defendant UNIDENTIFIED NOPD OFFICER, whose negligence and/or intentional torts caused injury to your petitioner in the particulars alleged below during the course and scope of his employment with the defendant CITY OF NEW ORLEANS, and who are responsible and liable for the actions and omissions of all NOPD Officers such as

3

defendant UNIDENTIFIED NOPD OFFICER under the theory of *respondeat superior*.

B. UNIDENTIFIED NOPD OFFICER, believed to be a Black or African-American male uniformed NOPD police officer, a person reasonable believed to be of the full age of majority and domiciled within the Parish of Orleans, State of Louisiana, and employed by the defendant CITY OF NEW ORLEANS through his employment with the NOPD, and whose negligence and/or intentional torts that caused injury to your petitioner in the particulars as alleged below.

C. UNIDENTIFIED LAW ENFORECMENT OFFICER(S), proven as a matter of law to be "police participants" in harassment of plaintiff and the city or government agency legally entitled to and commissioning officer(s).

III.

On or about November 11, 2016, your petitioner ANDREW GRESSETT was a paying customer and business invitee of the WAFFLE HOUSE restaurant location at 2500 Canal Street, New Orleans, Louisiana (Orleans Parish), when while sitting in a dining booth inside of said restaurant and while having a private telephone conversation regarding that week's earlier Presidential Election with a person at another locale, a Black male uniformed NOPD Officer, believed to be on duty and in full attention of your petitioner, sat in the adjacent booth inside said restaurant, and began loudly talking in your petitioner's presence and stated aloud that "Anyone that

voted for Donald Trump is a racist". He further began speaking loudly and yelling very anti-Trump and pro-Black statements and issues in his statements. Your petitioner felt threatened, quickly finished his breakfast and exited the restaurant without incident. Petitioner felt the Unidentified NOPD Officer's behavior so inappropriate as to be compelled to write a letter of complaint to the FBI explaining and describing this incident.

On or about December 14, 2016, your petitioner ANDREW GRESSETT was again a paying customer and business invitee of the same WAFFLE HOUSE restaurant location at 2500 Canal Street, New Orleans, Louisiana (Orleans Parish), when while finishing his breakfast, he exited the restaurant and noticed who he believed to be the same unidentified Black male uniformed NOPD Office "lying in wait" on the side of the restaurant, standing between the petitioner and his van parked in the parking lot of the restaurant. The defendant Unidentified NOPD Officer appeared to have one hand on his holstered service revolver, and have his other hand on his NOPD tazer.  As your petitioner attempted to walk toward his van and stepped aside to avoid the defendant officer, the officer is believed by petitioner to have moved to get into petitioner's path and yelled aloud "You're still being an Asshole".

Petitioner immediately felt threatened and intimidated, and detained by the officer blocking his path with his hands upon his service weapons, and felt the defendant Unidentified NOPD Officer to be enraged and imbalanced mentally. Fearing for his life and fearful of being shot or tazed by the defendant officer, petitioner walked with his back to the officer, made his way to his van, and quickly drove away. Your

petitioner was immensely emotionally upset, threatened, and felt his health and/or life threatened by this incident, and felt at the moment in real time helpless to defend or protect himself under these circumstances, and remained upset emotionally by this confrontation for several days, and remains negatively affected by these incidents and the December 14 confrontation, and for quite some time anticipated further confrontations, threats and perhaps actual physical danger given the pattern of events and confrontation precipitated for no good reason by the defendant UNIDENTIFIED NOPD OFFICER.

IV.

Petitioner again felt the Unidentified NOPD Officer's behavior so inappropriate as to be compelled on December 15, 2016 to write a letter of complaint to the Federal Court Judge in charge of or overseeing the Federal NOPD Corrupt Cop Consent Decree, describing the incidents and threats. Petitioner was then contacted by the Internal Affairs, NOPD Public Integrity Bureau, whom he via telephone, then via Certified U.S. Mail and requested information. Petitioner received no response to his explanation offered to the contacts he initiated explaining and describing these incidents until December 1, 2017 when he received a certified letter from the NOPD Internal Affairs Public Integrity Bureau informing him that the incidents were "still under investigation".

Petitioner ANDREW GRESSETT was startled by these confrontations, as he was innocent of any wrongdoing or even presenting the suspicion of wrongdoing, and

explained that he believes that he had done anything wrong or inappropriate. The defendant UNIDENTIFIED NOPD OFFICER aggressively and intentionally threatened and intimidated the petitioner, using his uniform, position, authority and service weapons to threaten your petitioner and to bully, intimidate and inflict emotional damage to him. He discriminated against and brought the subject of race into the November 11, 2016 incident without good reason or provocation, and used his authority to threaten the petitioner with a distinctly obvious racial animus on the part of the defendant officer as well as the potential threat of physical harm.

These two incidents represent a pattern of tortuous activity that may be connected, claimed and tried together pursuant to state and federal tort law. These incidents of intimidation and of obstruction, and physical and emotional assault in general, prompting petitioner to seek medical treatment for both his physical and emotional injuries sustained herein.

During the two assaults and incidents of the intimidation of your petitioner, he was given the distinct indication via the direct comments and body language of the UNIDENTIFIED NOPD OFFICER that his race and appearance played a part in the defendant NOPD Officer accusing, assaulting, attacking, harassing and wrongfully threatening ANDREW GRESSETT here.

V.

Petitioner will present evidence to the Court, the video tape of the Unidentified Officer at both times mentioned in this complaint and other video tape evidence of

Unidentified Law Enforcement that have established a pattern and practice of tortous stalking as a matter of law. Through discovery, subpoenas and depositions Petitioner will establish the behavior by law enforcement protected by what has come to be known as the "Blue Wall" of mutual protection, evasion, failure to properly investigate and prosecute Public Integrity Bureau complaints made by citizens and even un-favored NOPD Officers, as well as intimidation and harassment of complainants and witnesses and innocent persons in general, with such tactics actually used against Petitioner, who here respectfully seeks to reserve the right to request the Court allow Petitioner to amend this complaint to include any other unidentified law enforcement officers and/or agencies as well as former participating commissioned law enforcement officers individually and any other individuals, organizations, non-profit organizations non-political and political who may have provided, solicited and/or directed public funding for any such tortuous activates, as explained above, as well as any incidents proven here of stalking and intentional intimidation of your petitioner.

VI.

The said injuries and damages sustained by petitioner ANDREW GRESSETT, were caused solely, directly, and proximately through the fault of the above mentioned defendants, their agents, associates, and/or employees, by their negligent, careless, and/or intentional actions and/or omissions as set forth in the following, but not necessarily exclusive particulars:

8

A. Defendant CITY OF NEW ORLEANS for allowing named the named defendant UNIDENTIFIED NOPD OFFFICER to engage in an emotional attack upon and injury to your petitioner ANDREW GRESSETT;

B. Defendant CITY OF NEW ORLEANS for allowing the NOPD to improperly screen, supervise, train, or advise the UNIDENTIFIED NOPD OFFICER whose actions within the course and scope of his employment with the NOPD, then negligently and/or intentionally allowing the wrongful and emotional attack upon, and injury to your petitioner ANDREW GRESSETT, as well as their failure to prevent and further allowing the use of excessive force by their employee UNIDENTIFIED NOPD OFFICER in doing the same, with their failure to properly screen out, train or supervise all of the employees named defendants causing or contributing to the petitioner's losses alleged herein;

C. Defendant CITY OF NEW ORLEANS for allowing the NOPD to have failed to properly investigate and timely prosecute the petitioner's actual complaints to the NOPD's Public Integrity Bureau for those incidents reported by the petitioner involving the incidents of November 11, 2016 and December 14, 2016, both reasonably believed to involve the defendant UNIDENTIFIED NOPD OFFICER, and those damages to your petitioner as appropriate for the defendant CITY OF NEW ORLEANS' allowing this willful neglect and ongoing pattern of ignoring, burying or minimizing such complaints;

D. Defendant CITY OF NEW ORLEANS for allowing the NOPD to have a continuing pattern of failure to properly investigate and prosecute Public Integrity Bureau

complaints made by citizens and even un-favored NOPD Officers, as well as intimidation and harassment of complainants and witnesses and innocent persons in general, with such tactics actually used against Petitioner, who here respectfully seeks to reserve the right to request the Court allow Petitioner to amend this complaint to include any other unidentified law enforcement officers and/or individuals participating in same.

E. The named defendant UNIDENTIFIED NOPD OFFICER in his personal capacity for his negligently and/or intentionally allowing the wrongful and emotional attack upon and injury to your petitioner ANDREW GRESSETT, as well as his use of intended excessive force in doing the same, which is reasonably believed here to be a violation of that petitioner's civil rights protections offered as a matter of law;

F. All named defendants allowing and/or intentionally allowing the negligent and/or intentional wrongful intimidation, pattern of stalking of and harassment of and emotional attack upon and injury to your petitioner ANDREW GRESSETT, as well as the use of excessive force in doing the same;

G. Violations by all defendants herein of petitioner ANDREW GRESSETT's civil rights, as during the assault, intimidation of, and the detention of your petitioner, he was given the distinct indication via comments and body language of UNIDENTIFIED NOPD OFFICER that his race and appearance played a part in the defendant UNIDENTIFIED NOPD OFFICER, assaulting, attacking, harassing and detaining him here.

H. Defendant CITY OF NEW ORLEANS for their failure to promulgate policies,

supervision, and training of their NOPD personnel, such as the defendant UNIDENTIFIED NOPD OFFICER to prevent or otherwise minimize the risk of injury to persons such as your petitioner ANDREW GRESSETT who was forced to endure the wrongful intimidation of, interrogation of, wrongful detention of, physical and emotional attack upon and injury that petitioner here;

I. Any other act or omission found to have been performed by of any party named or unnamed, known or unknown to the petitioners herein

All of the above acts of negligence and/or omissions were in violation of the laws of the United States, State of Louisiana and applicable Orleans Parish ordinances, which are hereby pleaded and which are adopted by this reference as if set forth at point *in extensio.*

VII.

Petitioner ANDREW GRESSETT avers here that as a direct and proximate cause of the aforementioned actions and acts, they were made to sustain damages in the following non-exclusive list particulars:

A. Past, present, and future emotional pain and suffering;
B. Past, present, and future emotional and mental anguish;
D. Past, present, and future medical expenses;
E. Past, present and future loss of enjoyment of life;
F. Past, present, and future damages and losses suffered by ANDREW

GRESSETT solely or in part due to the wrongful intimidation of, detention of and/or injuries caused by excessive intimidation and threats made in the incidents described herein upon ANDREW GRESSETT, being emotionally injured and hurt at least on or after December 14, 2016 as a result of the aforementioned acts and omissions set forth above;

G. Any and all attorney's fees, reimbursement for lost time and/or lost business opportunity, and any other losses related to the time and costs expended by petitioner in and for any court appearances and prosecution of this matter in federal court and in any administrative NOPD venues necessary for plaintiff to obtain justice here;

H. Any and all losses for damage to ANDREW GRESSETT's reputation and/or community standing for the embarrassment of the public harassment on the dates of these incidents described herein;

I. Any costs, attorney's fees, penalties or damages allowed or appropriate under that laws of the United States of America relative to the violations of the petitioners' civil rights as set forth above;

J. Any other loss which may be determined at any trial of this claim/complaint;

WHEREFORE, petitioner ANDREW GRESSETT respectfully request that the defendants named herein be cited and served with this Complaint and Petition for Civil Damages, and that after all due proceedings that there be a

judgment against the appropriate above mentioned defendants, CITY OF NEW ORLEANS and UNIDENTIFIED NEW ORLEANS POLICE DEPARTMENT OFFICER(S), and any UNIDENTIFED LAW ENFORCEMENT OFFICER(S) AGENCIES, INDIVIDUALS AND/OR ENTITIES, holding them liable to your petitioner for all of the losses, general damages, special damages, costs, penalties, attorney's fees, and remedies available to your petitioner herein, as well as all general and equitable relief, with judicial interest from the date of judicial demand until paid, as well as any and all costs involved with this proceeding.

Respectfully Submitted,

_____
ANDREW L. GRESSETT, Petitioner
In Proper Person
5225 Chestnut Street
NEW ORLEANS, LA  70115
TEL: (504) 858-2200
Email: gressett1@aol.com