UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

ANDREW GRESSETT                              CIVIL ACTION

VERSUS                                       NO. 17-16628

CITY OF NEW ORLEANS, ET AL.                  SECTION "R" (2)

# ORDER AND REASONS

The City of New Orleans moves to dismiss plaintiff's complaint.[1] *Pro se* plaintiff Andrew Gressett moves to set aside the Magistrate Judge's order denying leave to amend the complaint.[2] For the following reasons, the Court grants the City's motion to dismiss and denies plaintiff leave to amend.

## I. BACKGROUND

This case arises out of alleged constitutional violations by a New Orleans Police Department (NOPD) officer. Plaintiff alleges that, on November 11, 2016, an unidentified NOPD officer made "anti-Trump" and "pro-Black" statements, including that, "[a]nyone that voted for Donald Trump is a racist," at a Waffle House in New Orleans.[3] Plaintiff further

---

[1] R. Doc. 7.
[2] R. Doc. 22.
[3] R. Doc. 1 at 4-5.

alleges that, on December 14, 2016, he was leaving the same Waffle House in New Orleans when he noticed the same unidentified officer "lying in wait" outside of the restaurant, standing between plaintiff and his vehicle.[4] The unidentified officer was allegedly standing with one hand on his holstered revolver and the other on his holstered Taser.[5] Plaintiff alleges that he stepped aside in an attempt to avoid the officer, but that the officer stepped into his path and said, "[y]ou're still being an [a]sshole."[6] Plaintiff alleges he felt threatened and detained by the officer, but proceeded to his vehicle without issue.[7]

Plaintiff brought suit against the City of New Orleans, the unidentified officer, and other unidentified law enforcement officers on December 11, 2017.[8] The complaint asserts claims for violations of "federal civil rights statutes" and for negligence.[9] On March 26, 2018, the City moved to dismiss the complaint under Federal Rules of Civil Procedure 12(b)(1), 12(b)(5), and 12(b)(6).[10] Before responding to the City's motion to dismiss, plaintiff sought

---

[4]     *Id.* at 5.
[5]     *Id.*
[6]     *Id.*
[7]     *Id.*
[8]     R. Doc. 1.
[9]     *Id.* at 2, 8-11.
[10]    R. Doc. 7.

leave to amend his complaint.[11] The Magistrate Judge denied this motion on May 2, 2018.[12] Plaintiff then responded to the City's motion to dismiss and filed an objection to the Magistrate Judge's order.[13]

## II. DISCUSSION

The City moves to dismiss plaintiff's complaint under Rules 12(b)(1), 12(b)(5), and 12(b)(6).

### A. Rule 12(b)(1)

Rule 12(b)(1) requires dismissal of an action if a court lacks jurisdiction over the subject matter of the plaintiff's claim. When a Rule 12(b)(1) motion is filed in conjunction with other Rule 12 motions, subject matter jurisdiction must be decided first because "the court must find jurisdiction before determining the validity of a claim." *Moran v. Kingdom of Saudi Arabia*, 27 F.3d 169, 172 (5th Cir. 1994) (quoting G*ould, Inc. v. Pechiney Ugine Kuhlmann*, 853 F.2d 445, 450 (6th Cir. 1988)). In ruling on a Rule 12(b)(1) motion to dismiss, the court may rely on (1) the complaint alone, presuming the allegations to be true; (2) the complaint supplemented by undisputed facts; or (3) the complaint supplemented by undisputed facts and by the

---

[11] R. Doc. 12.
[12] R. Doc. 20
[13] R. Docs. 21, 22.

3

court's resolution of disputed facts. *Den Norske Stats Oljeselskap As v. HeereMac Vof*, 241 F.3d 420, 424 (5th Cir. 2001); *see also Barrera-Montenegro v. United States*, 74 F.3d 657, 659 (5th Cir. 1996).

Plaintiff's original complaint alleges violations of "federal civil rights statutes and jurisprudence protecting individuals from threats, intimidation, injury, losses and damages."[14] He alleges that he felt "detained" by the NOPD officer during the December 14, 2016 incident, and mentions the officer's use of "excessive force."[15] These claims sound in the Fourth Amendment. Additionally, plaintiff clarifies in his opposition to the City's motion to dismiss that his complaint alleges violations of 42 U.S.C. § 1983 and 18 U.S.C. § 2261A (a statute that criminalizes stalking). These claims therefore arise under federal law. *See* 28 U.S.C. § 1331. Additionally, the Court may exercise supplemental jurisdiction over plaintiff's state law negligence claims. *See* 28 U.S.C. § 1367. Thus, the Court has subject matter jurisdiction over this matter.

### B. Rule 12(b)(5)

Rule 12(b)(5) governs insufficient service of process. After the City moved to dismiss plaintiff's original complaint, plaintiff sought and obtained

---

14 R. Doc. 1 at 2.
15 *Id.* at 5, 9-10.

4

leave to complete service of process on the City.[16] Plaintiff obtained a waiver of service on April 6, 2018.[17] The City's Rule 12(b)(5) motion is therefore moot.

### C. Rule 12(b)(6)

To survive a Rule 12(b)(6) motion to dismiss, a plaintiff must plead "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is facially plausible when the plaintiff pleads facts that allow the court to "draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* A court must accept all well-pleaded facts as true and must draw all reasonable inferences in favor of the plaintiff. *See Lormand v. U.S. Unwired, Inc.*, 565 F.3d 228, 232 (5th Cir. 2009).

A legally sufficient complaint must establish more than a "sheer possibility" that the plaintiff's claim is true. *Iqbal*, 556 U.S. at 678. It need not contain detailed factual allegations, but it must go beyond labels, legal conclusions, or formulaic recitations of the elements of a cause of action. *Id.* In other words, the face of the complaint must contain enough factual matter

---

[16] R. Doc. 11.
[17] R. Doc. 14.

to raise a reasonable expectation that discovery will reveal relevant evidence of each element of the plaintiff's claim. *Lormand*, 565 F.3d at 257. The claim must be dismissed if there are insufficient factual allegations to raise a right to relief above the speculative level, *Twombly*, 550 U.S. at 555, or if it is apparent from the face of the complaint that there is an insuperable bar to relief, *Jones v. Bock*, 549 U.S. 199, 215 (2007).

Courts "liberally construe briefs of *pro se* litigants and apply less stringent standards to parties proceeding *pro se* than to parties represented by counsel." *Grant v. Cuellar*, 59 F.3d 523, 524 (5th Cir. 1995) (per curiam). This does not mean, however, that a court "will invent, out of whole cloth, novel arguments on behalf of a *pro se* plaintiff in the absence of meaningful, albeit imperfect, briefing." *Jones v. Alfred*, 353 F. App'x. 949, 952 (5th Cir. 2009). Even a liberally construed *pro se* complaint "must set forth facts giving rise to a claim on which relief may be granted." *Johnson v. Atkins*, 999 F.2d 99, 100 (5th Cir. 1993).

As noted earlier, plaintiff has brought claims under 42 U.S.C. § 1983, 18 U.S.C. § 2261A, and state law negligence. The Court addresses each set of claims in turn.

### 1. Section 1983

"Section 1983 affords a private cause of action to any party deprived of a constitutional right under color of state law." *Tex. Manufactured Hous. Ass'n, Inc. v. City of Nederland*, 101 F.3d 1095, 1106 (5th Cir. 1996). Plaintiff argues in his opposition to the City's motion to dismiss that the NOPD officer violated plaintiff's rights under the Fourth, Eighth, and Fourteenth Amendments.[18]

As an initial matter, plaintiff's claims related to the first incident alleged in the original complaint are prescribed. Although Section 1983 contains no express limitations period, courts apply the statute of limitations for the analogous state law action—here, the one-year prescriptive period for Louisiana torts. *See Helton v. Clements*, 832 F.2d 332, 334 (5th Cir. 1987). The incident involving the NOPD officer's statement that "[a]nyone that voted for Donald Trump is a racist" allegedly occurred on November 11, 2016, shortly after the 2016 presidential election.[19] Plaintiff filed suit on December 11, 2017, more than one year after this incident allegedly occurred.

---

[18] R. Doc. 21 at 5-7. Although plaintiff's complaint states that the two interactions with the unnamed NOPD officer occurred on November 11, 2016, and December 14, 2016, plaintiff's opposition uses various different dates—October 24 and November 11, 2017, for the first incident, and November 17, December 14, and December 17, 2017, for the second incident. The Court uses the dates provided in plaintiff's complaint.
[19] R. Doc. 1 at 4.

Additionally, plaintiff fails to allege any relationship between this incident and the later incident that could plausibly support a continuing tort theory. Moreover, even if plaintiff's claims related to the officer's statement during the first incident were not prescribed, it is unclear how this statement affected plaintiff's Fourth, Eighth, or Fourteenth Amendment rights. Thus, plaintiff's allegations regarding the November 11, 2016 incident do not support the plausible inference that plaintiff's constitutional rights were violated, and any claims related to this incident must be dismissed.

The second incident described in plaintiff's original complaint allegedly occurred on December 14, 2016.[20] Thus, plaintiff's claims stemming from this incident were timely filed.

Plaintiff primarily argues that the NOPD officer's actions during the second incident violated plaintiff's Fourth Amendment right to be free from unreasonable searches and seizures.[21] But plaintiff fails to plausibly allege that he was "seized" by the unidentified officer, as required to set out a violation of the Fourth Amendment. *See Terry v. Ohio*, 392 U.S. 1, 16 (1968) ("[T]he Fourth Amendment governs 'seizures' of the person . . . ."). "[A] person has been 'seized' within the meaning of the Fourth Amendment only

---

[20] R. Doc. 1 at 5.
[21] R. Doc. 21 at 5-6.

if, in view of all of the circumstances surrounding the incident, a reasonable person would have believed that he was not free to leave." *United States v. Mendenhall*, 446 U.S. 544, 554 (1980). According to plaintiff, the unidentified officer momentarily stepped into plaintiff's path as he was walking from the Waffle House to his vehicle.[22] While plaintiff alleges that he felt detained,[23] he never asserts that he was not free to leave. On the contrary, plaintiff states that he walked away and got in his vehicle after the officer stepped into his path.[24] These facts do not support the plausible inference that a reasonable person in plaintiff's position would have believed that he was not free to leave. *Cf. Mendenhall*, 446 U.S. at 554 ("Examples of circumstances that might indicate a seizure, even where the person did not attempt to leave, would be the threatening presence of several officers, the display of a weapon by an officer, some physical touching of the person of the citizen, or the use of language or tone of voice indicating that compliance with the officer's request might be compelled."). Thus, plaintiff fails to allege a cause of action under Section 1983 for a violation of his Fourth Amendment rights.

---

[22] R. Doc. 1 at 5.
[23] *Id.*
[24] *Id.*

Plaintiff's argument that the unidentified officer violated his Eighth Amendment right to be free from cruel and unusual punishment similarly fails. The Eighth Amendment applies only to plaintiffs who have been convicted of a crime. *See Lynch v. Cannatella*, 810 F.2d 1363, 1375 (5th Cir. 1987). Plaintiff does not sufficiently allege that he was even seized, let alone convicted of a crime. Thus, plaintiff has no claim for a violation of his Eighth Amendment rights.

Finally, plaintiff argues that the NOPD officer's actions deprived plaintiff of his liberty, without due process of law, in violation of the Fourteenth Amendment.[25] Abuse of authority by law enforcement personnel may violate substantive due process under certain circumstances. *See, e.g.*, *Petta v. Rivera*, 143 F.3d 895 (5th Cir. 1998). To establish such a violation, a plaintiff must show that the defendant's actions (1) injured the plaintiff, (2) "were grossly disproportionate to the need for action under the circumstances," and (3) "were inspired by malice rather than merely careless or unwise excess of zeal so that it amounted to an abuse of official power that shocks the conscience." *Petta v. Rivera*, 143 F.3d 895, 902 (5th Cir. 1998). Plaintiff alleges that the unidentified officer stepped into his path, with one hand on his holstered gun and the other on his holstered Taser, and said,

---

[25] R. Doc. 21 at 7.

"[y]ou're still being an [a]sshole."[26] Without more, these allegations do not permit the plausible inference that the officer's conduct was "an abuse of official power that shocks the conscience" in violation of the Fourteenth Amendment. *Petta*, 143 F.3d at 902. Plaintiff's Fourteenth Amendment claim therefore fails. Because plaintiff fails to allege any underlying violation of a constitutional right, he fails to state any Section 1983 municipal liability claim against the City. *See Rivera v. Houston Indep. Sch. Dist.*, 349 F.3d 244, 247 (5th Cir. 2003) ("Municipal liability under 42 U.S.C. § 1983 requires proof of 1) a policymaker; 2) an official policy; 3) and a violation of constitutional rights whose 'moving force' is the policy or custom." (citation omitted)). Plaintiff's Section 1983 claims must be dismissed.

### 2. Section 2261A

Plaintiff attempts to assert a cause of action under 18 U.S.C. § 2261A, which criminalizes stalking.[27] To state a civil claim under a criminal statute, there must be "a statutory basis for inferring that a civil cause of action of some sort [lies] in favor of someone." *Cort v. Ash*, 422 U.S. 66, 79 (1975); *Ali v. Shabazz*, 8 F.3d 22 (5th Cir. 1993) (unpublished table decision). Nothing in the text of Section 2261A suggests that the statute creates a civil cause of

---

26    R. Doc. 1 at 5.
27    R. Doc. 21 at 4.

11

action. *See Fox v. Tippetts*, No. 09-485, 2009 WL 3790173, at *4 (W.D. La. Nov. 10, 2009) ("Nothing in § 2261A indicates that it is more than a 'bare criminal statute.'" (quoting *Cort*, 422 U.S. at 79-80)); *see also Rock v. BAE Sys., Inc.*, 556 F. App'x. 869, 871 (11th Cir. 2014); *Haffke v. Discover Fin. Servs.*, No. 10-276, 2010 WL 3430843, at *2 (E.D. Tex. Aug. 3, 2010), *report and recommendation adopted*, 2010 WL 3430838 (E.D. Tex. Aug. 27, 2010). Accordingly, plaintiff cannot bring a cause of action against the City under Section 2261A.

### 3. *Negligence*

Finally, plaintiff's complaint fails to state a claim for negligence. Under Louisiana law, "[e]very act . . . of man that causes damage to another obliges him by whose fault it happened to repair it." La. Civ. Code art. 2315. To establish negligence, a plaintiff must show:

> first, that the defendant had a duty to conform his conduct to a specific standard (duty); second, that the defendant's conduct failed to conform to the appropriate standard (breach); third, that the defendant's substandard conduct was a cause in fact of the plaintiff's injuries (cause in fact); fourth, that the defendant's substandard conduct was a legal cause of the plaintiff's injuries (legal cause); and fifth, that the plaintiff suffered actual damages (damages).

*Duncan v. Wal-Mart Louisiana, L.L.C.*, 863 F.3d 406, 409 (5th Cir. 2017). Plaintiff fails to allege the "specific standard" to which the City was obliged to conform its conduct. Instead, plaintiff vaguely asserts that the City

"negligently . . . allow[ed] the wrongful and emotional attack upon" plaintiff, and "allow[ed] the negligent . . . wrongful intimidation, pattern of stalking . . . and harassment" of plaintiff.[28] These allegations do not suffice to raise a plausible inference of negligence by the City.

### D. Leave to Amend

As noted earlier, plaintiff moved for leave to amend after the City filed its motion to dismiss. Plaintiff's motion was referred to the Magistrate Judge, who denied leave to amend because amendment would be futile.[29] Plaintiff filed a timely objection to the Magistrate Judge's ruling.[30]

A party may appeal a magistrate judge's order to the district court. Fed. R. Civ. P. 72(a). When a timely objection is raised, the district court will "modify or set aside any part of the order that is clearly erroneous or is contrary to law." *Id.*; *see also* 28 U.S.C. § 636(b)(1)(A). The court reviews the magistrate judge's "'factual findings under a clearly erroneous standard,' while 'legal conclusions are reviewed *de novo*.'" *Moore v. Ford Motor Co.*, 755 F.3d 802, 806 (5th Cir. 2014) (quoting *Alldread v. City of Grenada*, 988 F.2d 1425, 1434 (5th Cir. 1993)). A factual "finding is 'clearly erroneous' when although there is evidence to support it, the reviewing court on the

---

[28] R. Doc. 1 at 9-10.
[29] R. Doc. 20.
[30] R. Doc. 22.

13

entire evidence is left with the definite and firm conviction that a mistake has been committed." *United States v. U.S. Gypsum Co.*, 333 U.S. 364, 395 (1948).

Plaintiff's proposed amended complaint adds Orleans Parish Sheriff Marlin Gusman and Jefferson Parish Sheriff Joseph Lopinto (as well as unidentified sheriff's deputies) as defendants.[31] The proposed amended complaint also specifically pleads violations of plaintiff's Fourth Amendment rights under 42 U.S.C. § 1983 and violations of 18 U.S.C. § 2261A.[32] Finally, plaintiff significantly expands his stalking claim by listing seventeen specific instances—stretching back to the year 2000—of alleged stalking by law enforcement personnel.[33]

The Court will "freely give leave [to amend] when justice so requires." Fed. R. Civ. P. 15(a). The Supreme Court has held that "[i]f the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, he ought to be afforded an opportunity to test his claim on the merits." *Foman v. Davis*, 371 U.S. 178, 182 (1962). Additionally, "a court should grant a *pro se* party every reasonable opportunity to amend." *Hale v. King*, 642 F.3d 492, 503 n.36 (5th Cir. 2011) (quoting *Pena v. United States*, 157 F.3d

---

31 R. Doc. 12-2 at 5-6.
32 R. Doc. 12-2 at 3.
33 R. Doc. 12-2 at 6-7, 11-21.

14

984, 987 n.3 (5th Cir. 1998)). But leave to amend "is by no means automatic." *Halbert v. City of Sherman*, 33 F.3d 526, 529 (5th Cir. 1994). The Court considers multiple factors, including "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [and] futility of amendment." *Foman*, 371 U.S. at 182.

The Magistrate Judge correctly found that amendment would be futile because plaintiff's proposed amended complaint does not state a claim for which relief may be granted. First, plaintiff's Fourth Amendment claim under Section 1983 fails because plaintiff's additional allegations do not describe any seizure by law enforcement personnel. Second, plaintiff's Section 2261A claim fails because, as explained earlier, that provision does not create a private cause of action. Third, plaintiff's negligence claims fail because the additional allegations still fail to specify the duty allegedly breached by defendants.

In his objection to the Magistrate Judge's order, plaintiff also cites the Fourteenth Amendment. As noted earlier, abuse of authority by law enforcement personnel may violate substantive due process if the conduct is sufficiently extreme. *See Petta*, 143 F.3d at 902. But the incidents described

in plaintiff's amended complaint simply do not describe a pattern of harassment or stalking that "shocks the conscience." *Id.* For the most part, the alleged incidents merely involve law enforcement personnel observing plaintiff in public places. Such conduct does not violate the Fourteenth Amendment. *Cf. Phillips v. City of San Jose*, No. 94-20468, 1994 WL 706213, at *4 (N.D. Cal. Dec. 13, 1994) ("Allegations that the police officers followed and observed plaintiffs in public areas are not sufficiently egregious to constitute a due process violation."). Additionally, the amended complaint provides no factual basis to plausibly infer that these disparate incidents were connected in any way. Thus, plaintiff's amended complaint fails to state a claim upon which relief may be granted, and amendment would be futile.

## III. CONCLUSION

For the foregoing reasons, the City's motion to dismiss is GRANTED. Plaintiff's complaint is DISMISSED WITH PREJUDICE.

New Orleans, Louisiana, this ___1st___ day of August, 2018.

_____
SARAH S. VANCE
UNITED STATES DISTRICT JUDGE