UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| ANDREW GRESSET | CIVIL ACTION |
| VERSUS | NO. 17-16628 |
| CITY OF NEW ORLEANS, ET AL. | SECTION "R" (2) |

# **ORDER AND REASONS**

Before the Court are plaintiff Andrew Gressett's motions to: (1) alter or amend the Court's judgment dismissing his claims and denying leave to amend his complaint, and (2) set aside the Magistrate Judge's order denying plaintiff's request for subpoenas. Because Gressett has failed to establish either a manifest error or present newly discovered evidence, the Court denies his motion to alter or amend the judgment. Because the Magistrate Judge's order was not clearly erroneous or contrary to law, the Court denies his motion to set aside the Magistrate Judge's order.

## **I. BACKGROUND**

This case arises out of alleged constitutional violations by a New Orleans Police Department (NOPD) officer. Plaintiff alleges that, on November 11, 2016, an unidentified NOPD officer made "anti-Trump" and "pro-Black" statements, including that, "[a]nyone that voted for Donald

Trump is a racist," at a Waffle House in New Orleans.[1] Plaintiff further alleges that, on December 14, 2016, he was leaving the same Waffle House in New Orleans when he noticed the same unidentified officer "lying in wait" outside of the restaurant, standing between plaintiff and his vehicle.[2] The unidentified officer was allegedly standing with one hand on his holstered revolver and the other on his holstered Taser.[3] Plaintiff alleges that he stepped aside in an attempt to avoid the officer, but that the officer stepped into his path and said, "[y]ou're still being an [a]sshole."[4] Plaintiff alleges he felt threatened and detained by the officer, but proceeded to his vehicle without issue.[5]

Plaintiff brought suit against the City of New Orleans, the unidentified officer, and other unidentified law enforcement officers on December 11, 2017.[6] The complaint asserts claims for violations of "federal civil rights statutes" and for negligence.[7] On March 26, 2018, the City moved to dismiss the complaint under Federal Rules of Civil Procedure 12(b)(1), 12(b)(5), and

---

[1] R. Doc. 1 at 4-5.
[2] *Id.* at 5.
[3] *Id.*
[4] *Id.*
[5] *Id.*
[6] R. Doc. 1.
[7] *Id.* at 2, 8-11.

12(b)(6).[8] Before responding to the City's motion to dismiss, plaintiff sought leave to amend his complaint.[9] The Magistrate Judge denied this motion on May 2, 2018.[10] On August 1, 2018, the Court granted the City's motion to dismiss and affirmed the Magistrate Judge's decision denying leave to amend.[11] It therefore dismissed plaintiff's complaint with prejudice.[12]

On August 24, 2018, plaintiff filed a motion seeking issuance of a subpoena, which the Magistrate Judge denied because plaintiff's case had already been dismissed.[13] Plaintiff now seeks review of the Magistrate Judge's denial of the subpoena,[14] and he also seeks review under Federal Rule of Civil Procedure 59 of the Court's order dismissing his case and denying leave to amend.[15] The City opposes the motions.[16]

---

[8]  R. Doc. 7.
[9]  R. Doc. 12.
[10] R. Doc. 20.
[11] R. Doc. 33.
[12] R. Doc. 34.
[13] R. Doc. 35; R. Doc. 39.
[14] R. Doc. 40.
[15] R. Doc. 36; R. Doc. 37.
[16] R. Doc. 42.

## II. DISCUSSION

### A. Motion to Alter or Amend the Judgment

Motions seeking review of a previous order disposing of the case are treated as Rule 59(e) motions to alter or amend the judgment. *See Ford Motor Credit Co. v. Bright*, 34 F.3d 322, 324 (5th Cir. 1994). A district court has considerable discretion to grant or deny a motion under Federal Rule of Civil Procedure 59(e). *See Edward H. Bohlin Co. v. Banning Co.*, 6 F.3d 350, 355 (5th Cir. 1993). The Court must "strike the proper balance between two competing imperatives: (1) finality, and (2) the need to render just decisions on the basis of all the facts." *Id.* Reconsideration, however, "is an extraordinary remedy that should be used sparingly." *Templet v. HydroChem Inc.*, 367 F.3d 473, 479 (5th Cir. 2004); *see also Fields v. Pool Offshore, Inc.*, No. 97-3170, 1998 WL 43217, at *2 (E.D. La. Feb. 3, 1998), *aff'd*, 182 F.3d 353 (5th Cir. 1999).

To succeed on a Rule 59(e) motion, therefore, a party must "clearly establish either a manifest error of law or fact or must present newly discovered evidence." *Ross v. Marshall*, 426 F.3d 745, 763 (5th Cir. 2005). Rule 59(e) motions are "not the proper vehicle for rehashing evidence, legal theories, or arguments that could have been offered or raised before the entry of judgment." *Templet*, 367 F.3d at 478-79. "A motion to reconsider based

on an alleged discovery of new evidence should be granted only if (1) the facts discovered are of such a nature that they would probably change the outcome; (2) the facts alleged are actually newly discovered and could not have been discovered earlier by proper diligence; and (3) the facts are not merely cumulative or impeaching." *Ferraro v. Liberty Mut. Fire Ins. Co.*, 796 F.3d 529, 534 (5th Cir. 2015) (quoting *Johnson v. Diversicare Afton Oaks, LLC*, 597 F.3d 673, 677 (5th Cir. 2010)).

The Court has reviewed Gressett's motions for reconsideration and finds that they do not demonstrate a manifest error of law or fact, nor do they present newly discovered evidence. To the contrary, they merely rehash the legal arguments considered in the Court's order on the defendants' motion to dismiss. The documents he cites as new evidence were either available to Gressett when he responded to defendants' motion to dismiss and sought to amend his complaint, or they contain no information relevant to the disposition of his claims. Gressett's motions for reconsideration are therefore denied.

### B. Motion to Set Aside Magistrate Judge's Order

A magistrate judge's ruling on a non-dispositive civil motion may be appealed to the district court. Fed. R. Civ. P. 72(a). When a timely objection is raised, the district judge must review the magistrate judge's ruling and

5

"modify or set aside any part of the order that is clearly erroneous or contrary to law." *Id.* The court reviews the magistrate judge's "'factual findings under a clearly erroneous standard,' while 'legal conclusions are reviewed *de novo*.'" *Moore v. Ford Motor Co.*, 755 F.3d 802, 806 (5th Cir. 2014) (quoting *Alldread v. City of Grenada*, 988 F.2d 1425, 1434 (5th Cir. 1993)). A factual finding is clearly erroneous when "although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *United States v. U.S. Gypsum Co.*, 333 U.S. 364, 395 (1948). A legal conclusion is contrary to law "when the magistrate fails to apply or misapplies relevant statutes, case law, or rules of procedure." *Ambrose-Frazier v. Herzing Inc.*, No. 15-1324, 2016 WL 890406, at *2 (E.D. La. Mar. 9, 2016); *Bruce v. Hartford*, 21 F. Supp. 3d 590, 594 (E.D. Va. 2014) ("For questions of law there is no practical difference between review under Rule 72(a)'s contrary to law standard and a de novo standard." (internal quotations and modifications omitted)).

The Magistrate Judge correctly denied plaintiff's request for a subpoena because plaintiff's claims had already been dismissed when he requested the subpoena. Federal Rule of Civil Procedure 45(a)(2) provides that "[a] subpoena must issue from the court where the action is pending." The Court could not issue plaintiff's subpoena because his action was not

pending when he submitted his request.[17] In addition, plaintiff's request for the subpoena was futile. The video that plaintiff seeks depicts the Waffle House incident to which plaintiff refers in his complaint.[18] The plaintiff already had the opportunity to allege any illegal behavior related to this incident in his complaint, and the Court took those allegations as true for the purpose of evaluating defendant's motion to dismiss. *See Lormand v. U.S. Unwired, Inc.*, 565 F.3d 228, 232 (5th Cir. 2009) (courts must "accept all factual allegations in the complaint as true" when ruling on a motion to dismiss). Therefore, even if the subpoenaed video depicted the Waffle House incident exactly as plaintiff describes it, he has still failed to state a claim against defendants. Because the Court is not authorized to issue a subpoena in a dismissed case, and because the subpoena would have been futile, the Court finds no error in the Magistrate's decision.

---

[17] *See* R. Doc. 34.
[18] R. Doc. 40-1 at 3 ("The Petitioner seeks . . . to obtain via subpoena and present to the District court the videotapes of the two Waffle House incidents involving the Petitioner . . . .").

**CONCLUSION**

For the foregoing reasons, plaintiff's motions are DENIED.


New Orleans, Louisiana, this __6th__ day of February, 2019.

_____
SARAH S. VANCE
UNITED STATES DISTRICT JUDGE